## Jones *v.* Matheis.

*Appeals—Statement of question involved.*

To say that the question involved is "the correctness of answers to certain of defendant's points; portions of the charge specially assigned as error," is not a compliance with the rule requiring appellant to print in his paper-book a statement of the question involved.

*Practice, C. P.—Trial—Request for instructions.*

If specific instructions are not asked for, or if those asked for are given, the court will not be reversed for not reviewing at length, and analyzing the evidence, nor for not instructing the jury more fully as to the rules for weighing testimony.

*Malicious prosecution—Charge of court—Harmless error.*

In an action for malicious prosecution the trial judge after referring to the question of probable cause in his charge said: "What is malice? It is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party guilty of the crime charged." *Held*, that as the obvious purpose was to define probable cause, and that as no one reading or hearing the instructions would suppose for a moment that they were intended as a definition of malice, there was no reversible error.

Argued April 22, 1901.    Appeal, No. 153, April T., 1901, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 371, on verdict for plaintiff in case of John Jones, by his next friend Walter Sullivan, v. B. Matheis. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Trespass for malicious prosecution.

The statement of the question involved was as follows:

Failure of court to charge the jury as to the facts, as requested in writing by counsel; answers to certain of defendant's points; portions of charge specially assigned as error; inadequacy of entire charge.

The court charged in part as follows:

Now, covering the general principles touching malicious prosecution, I wish to call your attention to what the Supreme Court has said.  Substantially it has said: It is well settled that in a case for malicious prosecution both want of probable

cause for the prosecution and malice must be shown; want of probable cause and malice must concur.   The Supreme Court goes on to say that malice may be inferred from the want of probable cause, but if there be probable cause, it matters not that the prosecutor was actuated by malice.   [What is malice? It is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party guilty of the crime charged.] [3]   The belief must be that of a reasonable and prudent man, and all that can be required of him is that he shall act as a reasonable and prudent man would be likely to act under the circumstances.

Mr. Wishart: There is the other request that the court charge the jury specially to the facts.

The Court: I tried to do that in my general charge.

Verdict and judgment for plaintiff for $1,250.   Defendant appealed.

*Errors assigned* among others were above instructions.

*W. W. Wishart,* of *Hamilton & Wishart,* for appellant.

*Thomas M. Marshall* and *Rody P. Marshall,* for appellee.

OPINION BY RICE, P. J., May 23, 1901:

The rule requiring the appellant to print in his paper-book a statement of the question involved is designed to enable the court to obtain an immediate view of the nature of the controversy and will be rigidly enforced in the future.   To say that the question involved is " the correctness of answers to certain of defendant's points ; portions of charge specially assigned as error " is manifestly not a compliance with the rule. By the most liberal construction of the present appellant's statement, the only questions stated in accordance with the rule are, first, whether the failure to charge the jury more fully as to the facts as requested by counsel was error, and second, whether. the charge, taken as a whole, was inadequate.

The general rule is that if specific instructions are not asked for, or if those asked for are given, the court will not be reversed for not reviewing at length, and analyzing the evidence, nor for not instructing the jury more fully as to the rules for

weighing testimony.   To this general rule there are exceptions, but a careful examination of the charge in connection with the evidence has failed to convince us that this case is one of them. The minuteness with which a trial judge in his charge to the jury shall discuss the evidence and the inferences therefrom is largely within his discretion.   " He is generally in a better position to estimate the requirements of the case with the jury in hand than we can possibly be ; and unless we can see clearly that the jury may have been misled or turned aside from the true issue, general exceptions of the nature of the present are not to be sustained : " Borham v. Davis, 146 Pa. 72.   A reading of the evidence leaves the impression upon our minds that if the learned trial judge had in his discretion recited it more fully and made such comments as would have been justified, the defendant's case would not have been helped.

In the instructions, part of which are quoted in the third assignment of error, the learned judge gave the proper definition of probable cause, as an answer to the question, stated by himself, " What is malice ? "   The question and whole answer were as follows : " What is malice ?   It is a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the party guilty of the crime charged.   The belief must be that of a reasonable and prudent man, and all that can be required of him is that he shall act as a reasonable and prudent man would be likely to act under the circumstances."   No one hearing or reading those instructions would suppose for a moment that they were intended as a definition of malice.   Not only so, but the immediate context shows that the judge was speaking of probable cause as the first essential to a recovery by the plaintiff.   Later he spoke of malice, and charged distinctly, that if there was probable cause there could be no recovery, even though the defendant was actuated by malice, also, that, even though the circumstances were not such as to warrant a prudent man in making the information and causing the plaintiff's arrest, yet if there was no malice there could be no recovery.   We are convinced from an examination of the charge as a whole that the slip of the tongue to which we have referred could not have misled the jury.   The affirmance of the defendant's second and third points, together with the instructions to the

same effect in the general charge left the jury in no doubt as to the issue or as to the facts which it was incumbent on the plaintiff to prove in order to recover.

Notwithstanding the failure of the appellant to comply with the rule as the statement of the question involved (the rule being new) we have examined all the assignments and find no error calling for a reversal of the judgment.

Judgment affirmed.